UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey Alan McRaven, | Case No. 24-CV-2722 (JRT/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

Petitioner Jeffrey Alan McRaven was convicted of second-degree murder in state court. *See State v. McRaven*, No. A20-1571, 2023 WL 2564356, at *1 (Minn. Ct. App. Mar. 20, 2023). McRaven intends to seek habeas corpus relief in federal court, *see* 28 U.S.C. § 2254, and he has requested an additional 90 days in which to file his habeas petition. In the interests of justice and so that McRaven's request may be adjudicated, his motion for an extension has been used as the operative pleading to open the proceeding now before the Court. For the reasons that follow, the motion for an extension should be denied.

Congress has established a one-year limitations window for writs of habeas corpus filed by prisoners held pursuant to a state-court judgment:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

1

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

This statute of limitations is not jurisdictional, but it is mandatory; the Court cannot simply waive the provision. Nothing in the statute permits the Court to extend the limitations period established by § 2244(d) as McRaven requests. *Prieto v. Quarterman*, 456 F.3d 511, 513-14 (5th Cir. 2006); *cf. United States v. Poole*, No. CR13-3003-MWB, 2015 WL 13283253, at *1 (N.D. Iowa July 6, 2015) (discussing requests for extension to file motions pursuant to 28 U.S.C. § 2255). The limitations period is what it is.

That said, in *very* unusual circumstances, a federal district court may equitably toll the limitations period on behalf of a litigant who can demonstrate both that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010) (quotation omitted). But the Court cannot equitably toll the limitations period in advance of a habeas petition being filed. As another Court of this District has previously explained (while denying a similar request for a motion for an extension in seek habeas relief):

> The Court cannot know that [Petitioner] diligently pursued his rights throughout the period leading up to the filing of his habeas petition until [Petitioner] actually files his habeas petition. *See Knutson v. McNurlin*, No. 15-CV-2807 (DSD/BRT), 2015 WL 5472805, at *2 (D. Minn. Sept. 16, 2015) ("This Court simply cannot know, at this juncture, whether Knutson will diligently pursue his rights over the next five months and, more importantly, whether he will be prevented from timely filing a federal habeas petition due to some extraordinary circumstance."); *cf. United States v. Asakevich*, 810 F.3d 418, 421-24 (6th Cir. 2016). Insofar as [Petitioner] intends to argue that the statutory limitations period should not be applied in his case, he must do so after filing his habeas petition, not before.

*Thomas v. State of Minnesota*, No. 21-CV-1955 (MJD/ECW), 2021 WL 4691430, at *1 (D. Minn. Sept. 8, 2021).

Because the Court cannot extend the limitations period or preemptively excuse McRaven's failure to timely file a habeas petition, it is recommended that this matter be dismissed without prejudice. McRaven is urged to submit any federal habeas petition challenging his conviction within the limitations period established by § 2244(d).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The motion for an extension of time to file a petition for a writ of habeas corpus of petitioner Jeffrey Alan McRaven [Dkt. No. 1] be DENIED.

2. This action be DISMISSED WITHOUT PREJUDICE.

Dated: July 23, 2024                             *s/ Tony N. Leung*

                                                 _____
                                                 Tony N. Leung
                                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).